UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WINEGAR,

       Plaintiff,                                    Hon. Janet T. Neff

v.                                                     Case No. 1:20-cv-608

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her

decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 43 years of age on his alleged disability onset date and 49 years of age when his insured status expired. (ECF No. 12-2, 12-6, PageID.48, 318). Plaintiff successfully completed high school and worked previously as a mail clerk/sorter for the United States Postal Service. (ECF No. 12-2, PageID.54). Plaintiff applied for benefits on August 14, 2015, alleging that he had been disabled

since August 4, 2009, due to a shotgun wound to his left foot, a back injury, migraines, and high blood pressure. (ECF No. 12-6, 12-7, PageID.318-24, 345).

Plaintiff's application was denied following a hearing before an Administrative Law Judge (ALJ). (ECF No. 12-2, 12-3, PageID.67-89, 141-47). On November 7, 2018, the Appeals Council remanded the matter to the ALJ for further administrative action. (ECF No. 12-3, PageID.151-55). Following a second hearing, ALJ James Kent, in an opinion dated April 18, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 12-2, PageID.45-56, 91-103). The Appeals Council declined to review this decision, rendering it the Commissioner's final decision. (*Id.,* PageID.36-40). Plaintiff later initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on March 31, 2015. (*Id.,* PageID.48); *see also,* 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan,* 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also

provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) history of left foot gunshot wound; (2) obesity; (3) migraine headaches; (4) hypertension; (5) chronic bilateral knee pain; (6) degenerative disc disease of the lumbar spine; and (7) depression, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.48-49).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) he can occasionally climb ramps and stairs, but can never climb ladders; (2) he can occasionally balance, stoop, kneel, crouch, and crawl; (3) he requires the option to sit or stand at will provided his not off task more than 10% of the work period; (4) he cannot perform a job requiring prolonged or uneven ambulation; (5) he can perform simple, routine, and repetitive tasks; (6) he can tolerate occasional interaction with the public, co-workers, and supervisors; (7) he can tolerate few, if any, changes in the work setting; and (8) he cannot work at a production rate pace. (ECF No. 12-2, PageID.50).

The ALJ found that Plaintiff could not perform his past relevant work at which point the burden shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs Plaintiff can perform, his limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid.*

In this case, a vocational expert testified that there are approximately 165,000 jobs in the national economy that an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 12-2, PageID.101-02). [1] This

---

[1] The vocational expert also concluded that, if Plaintiff were further restricted to a limited range of sedentary work, there still would be approximately 150,000 jobs he could perform.

represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.     Appeals Council

Following the initial decision by the ALJ, the Appeals Council remanded the matter to the ALJ for further administrative action. (ECF No. 12-3, PageID.151-55). Plaintiff argues that he is entitled to relief because the ALJ failed to comply with the Appeals Council's remand order. This Court lacks the jurisdiction to review whether the ALJ complied with the Appeals Council's order as such is an internal agency matter outside the Court's jurisdiction to review "final decisions" by the Social Security Administration. *See, e.g.,* 42 U.S.C. § 405(g) (expressly limiting judicial review to "any final decision of the Commissioner of Social Security"); *Bowens v. Barnhart*, 101 Fed. Appx. 93, 94 (6th Cir., June 11, 2004) (the jurisdiction of the federal courts extends only to the review of "final decisions of the Commissioner"); *White v. Commissioner of Social Security*, 2014 WL 4976754 at *11 (W.D. Mich., Oct. 3, 2014). Accordingly, this argument is rejected.

## II.    Plaintiff's Residual Functional Capacity

A claimant's RFC represents the "most [a claimant] can still do despite [his] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents his

ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). The ALJ found that Plaintiff retained the ability to perform a limited range of light work. Plaintiff argues that this determination is not supported by substantial evidence. In support of this position, Plaintiff advances several poorly developed arguments.

Plaintiff first argues that because the "full range of light work" requires an individual to work on their feet up to two-thirds of the workday, the ALJ's RFC finding is deficient. The ALJ did not find that Plaintiff could perform the full range of light work, however. Instead, the ALJ found that Plaintiff could perform only a limited range of light work. The ALJ further recognized that Plaintiff required a sit-stand option. The evidence regarding Plaintiff's condition prior to the expiration of his insured status supports the ALJ's conclusion that Plaintiff can perform a limited range of light work with a sit-stand option. (ECF No. 12-2, 12-8, 12-9, PageID.50-54, 424-545). Plaintiff himself reported that he experienced "no problem standing [or] walking." (ECF No. 12-7, PageID.361).

Plaintiff next argues that the ALJ "arguably" failed to properly assess Plaintiff's obesity and its impact on his ability to work. Plaintiff's argument consists of a single sentence and fails to articulate in what way(s) the ALJ's RFC assessment is deficient. Plaintiff has an affirmative obligation to clearly articulate the basis for his claims of error. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-

-7-

directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record). By failing to satisfy this requirement, Plaintiff has waived this particular argument. *See, e.g., United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . .put flesh on its bones").

Even if this argument were not waived, the result would be the same as the ALJ's assessment of Plaintiff's obesity is supported by substantial evidence. Plaintiff argues that the ALJ "arguably" failed to comply with Social Security Ruling 02-1p, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.R., Sept. 12, 2002). As the Sixth Circuit has held, Social Security Ruling 02-1p "does not mandate a particular mode of analysis, but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 577 (6th Cir., Dec. 22, 2009); *see also*, *Bledsoe v. Barnhart*, 165 Fed. Appx. 408, 412 (6th Cir., Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants").

The ALJ acknowledged Plaintiff's obesity and analyzed the entire record in assessing Plaintiff's residual functional capacity. As the ALJ observed, the medical record reveals that during the relevant period Plaintiff "received conservative and

minimal treatment for his pain" with "no evidence of physical therapy, steroid injections, or chiropractic treatment." (ECF No. 12-2, PageID.51). Plaintiff's reported activities, including regularly riding a motorcycle and "fixing things," also supports the ALJ's assessment.

As noted above, the ALJ found that Plaintiff experienced depression. Plaintiff argues that the ALJ failed to sufficiently account for such in his RFC assessment. Regarding Plaintiff's depression, the ALJ articulated the following non-exertional limitations: (1) Plaintiff is limited to simple, routine, and repetitive tasks; (2) he can tolerate occasional interaction with the public, co-workers, and supervisors; (3) he can tolerate few, if any, changes in the work setting; and (4) he cannot work at a production rate pace.

As the ALJ noted, Plaintiff reported that "his main symptom" is anger, which medication keeps "under control." (ECF No. 12-2, 12-9, PageID.51, 535). Plaintiff reported that he felt "pretty good" and is "a lot calmer" and "a lot better" when he takes his medication. (ECF No. 12-9, PageID.535). The ALJ noted that during the relevant time period Plaintiff's care providers did not report findings suggesting that Plaintiff experienced greater non-exertional limitations. (ECF No. 12-2, PageID.51). Finally, the ALJ noted that aside from taking his prescribed medication, the record contained no evidence that Plaintiff pursued any "mental health treatment" during the relevant time period. (*Id.*). This evidence supports the ALJ's findings.

In support of his position, Plaintiff cites to the results of an examination conducted in May 2017, more than two years after his insured status expired. (ECF No. 12-11, PageID.803-09). First, the results of this examination are not relevant to the question of the extent to which Plaintiff was limited as of the date his insured status expired. Putting aside the irrelevance of this evaluation, the results of this examination do not support Plaintiff's argument.

The examiner concluded that Plaintiff "appears to have no limitations in his capability to understand, retain and follow simple instructions and to perform and complete simple tasks." (ECF No. 12-11, PageID.809). The examiner also noted that Plaintiff "appears to have moderate limitations in his capability to interact appropriately and effectively with coworkers and supervisors, adapt to changes in the work setting, and to perform work duties reliably and consistently." (*Id.*). The ALJ's RFC assessment, however, specifically accounts for these limitations. The limitations articulated by the ALJ are supported by substantial evidence.

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute his own opinion for that of a medical professional, the ALJ is not required to tailor his RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633

(6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

### III. Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that he is entitled to relief on the ground that he satisfies Section 1.04A of the Listings.

Section 1.04 provides:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture) resulting in compromise of a nerve root. . .or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine),

20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.04.

Plaintiff bears the burden to demonstrate that he satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that

particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)).

As the ALJ recognized, Plaintiff experiences degenerative disc disease of the lumbar spine, thus satisfying the initial requirement of this Listing. On the question whether Plaintiff meets or equals the additional requirements of the Listing, Plaintiff cites to evidence from May-June 2017, more than two years after the expiration of his insured status. (ECF No. 12-11, 12-12, PageID.823, 933). This evidence is not relevant to the question whether Plaintiff satisfied the requirements of this Listing prior to the expiration of his insured status. Plaintiff has cited to no other evidence in his argument and, therefore, has failed to satisfy his burden to demonstrate that he meets or equals a Listed impairment. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

Date: November 12, 2021           /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge