UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY NEIL WINEGAR,

    Plaintiff,

v.

                                    Case No. 1:20-cv-608

COMMISSIONER OF SOCIAL SECURITY,        HON. JANET T. NEFF

    Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R. & R.), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (ECF No. 19). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF Nos. 20 and 21). Defendant filed a response to the objections (ECF No. 22). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R. & R. to which objections have been made. For the reasons stated below, the Court denies the objections and issues this Opinion and Order.

Plaintiff's main objection is that the Magistrate Judge erred when determining that the Court did not have jurisdiction to consider whether the ALJ complied with the Appeals Council's prior remand order. Federal courts are split on this issue. *See Kaddo v Comm'r of Soc. Sec.*, 238 F. Supp. 3d 939, 943 (E.D. Mich. 2017) ("There is no consensus among federal courts regarding

whether an ALJ's failure to follow Appeals Council directives in a remand order may serve as independent grounds for reversal, in the absence of some other error."). Although the Sixth Circuit has not yet addressed the issue, "[t]he overwhelming majority of courts in this circuit . . . have determined that federal courts lack jurisdiction to consider whether an administrative law judge complied with the Appeals Council's instructions on remand." *Shope v. Comm'r of Soc. Sec.*, No. 2:14-CV-2055, 2015 WL 3823165, at *8 (S.D. Ohio June 19, 2015), adopted by 2015 WL 6155919 (S.D. Ohio Oct. 20, 2015); *see also Hubbard v. Comm'r of Soc. Sec.*, No. CV 18-11758, 2019 WL 4866733, at *2-3 (E.D. Mich. June 10, 2019), adopted by 2019 WL 4593624 (E.D. Mich. Sept. 23, 2019) (collecting cases).

This Court agrees with the majority. Section 405(g) limits judicial review to "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). "[T]he phrase 'final decision' clearly denotes some kind of terminal event." *Smith v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1765, 1774 (2019). "[A]n Appeals Council remand order, and the ALJ's compliance with that order, are internal agency proceedings occurring prior to the 'final decision' that a federal court has jurisdiction to review." *Smith v. Comm'r of Soc. Sec.*, No. 2:17-CV-13367, 2018 WL 7364646, at *11 (E.D. Mich. Oct. 26, 2018). Accordingly, the Court finds that the Appeals Council's prior remand order was not a final decision that is reviewable by this Court.[1]

---

[1] Plaintiff also claims that the Appeals Council's never considered whether the ALJ complied with the remand order. However, "[b]y failing to remand the matter a second time, it appears that the Appeals Council considered the ALJ's [June 5, 2019] review to be in compliance with the Council's previous order of remand." *See Brown v. Comm'r of Soc. Sec.*, No. 08-CV-183, 2009 WL 465708, at *6 (W.D. Mich. Feb. 24, 2009). "[W]here the Appeals Council declines to remand a second time, it is not this Court's role to 'second-guess' their satisfaction with the ALJ's adherence to their own prior order." *Gritzinger, v. Comm'r of Soc. Sec.*, No. 20-CV-11878, 2021 WL 3672230, at *11 (E.D. Mich. July 29, 2021), adopted by 2021 WL 3667489 (E.D. Mich. Aug. 18, 2021).

Plaintiff's remaining objections are not fully developed.  He raises several different issues in one paragraph and does not address the Magistrate Judge's analysis at all.  Plaintiff's failure to develop his arguments is not new in this case—the Magistrate Judge also determined that Plaintiff waived arguments in the R. & R. (ECF No. 19 at PageID.1223-1224).  As stated by the Magistrate Judge, this Court will not formulate arguments on Plaintiff's behalf.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)).  Nonetheless, after a de novo review of the record and the materials submitted by the parties, the Court agrees with the Magistrate Judge's recommendation that the ALJ formulated an RFC supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 20 and 21) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated:  February 16, 2022                                  /s/ Janet T. Neff
                                                                         JANET T. NEFF
                                                                         United States District Judge